STATE OF NORTH CAROLINA v. CHARLES W. HULTMAN, STEVE LANNING AND DELBERT C. MARTIN

No. 734SC591

(Filed 12 December 1973)

Narcotics § 4— possession of LSD delivered to friend for safekeeping

The State's evidence was sufficient for the jury in a prosecution of three defendants for felonious possession of LSD where it tended to show that defendants asked the State's witness to hold some "stuff" for them, each defendant gave the witness a bottle containing green and yellow capsules, the bottles contained 294 capsules, and the capsules contained LSD, it not being necessary that the State show that defendants had possession, either actual or constructive, when they were arrested.

APPEAL by defendants from *Cohoon, Judge,* 19 February 1973 Session of Superior Court held in ONSLOW County.

The defendants were charged with felonious possession of a controlled substance, to wit: 294 capsules of LSD. They pled not guilty. The State presented the testimony of Richard C. Duff, who testified in substance as follows: He knew the defendants, as they were in the same company at Camp Lejeune. On 5 January 1973 the three defendants, riding in defendant Lanning's car, approached him at a phone booth near the trailer court where he lived. Defendant Lanning got out of the car and asked him if he would hold some "stuff" for them. Duff accompanied the defendants to his trailer, where each of the three defendants gave him a bottle containing green and yellow capsules. The

defendants told Duff that they had heard there was to be a raid on their trailer that night and that they would come back for the bottles in a couple of days. After the defendants left, Duff called the Sheriff's Department. When Deputy Sheriff Paul Buchanan arrived, Duff gave him the three bottles, which Duff had not opened.

Deputy Sheriff Buchanan testified in substance as follows: On receiving the three bottles from Duff, he opened each bottle separately and counted the capsules. There was a total of 294 capsules. At the Sheriff's office he field-tested one capsule from each bottle and the test was positive for LSD. He later took the three bottles to the SBI laboratory in Raleigh, where he delivered them to P. T. Williamson for analysis. The defendants stipulated that P. T. Williamson was an expert specializing in the analysis and identification of drugs, including LSD, and that if present he would testify that he analyzed five capsules from each bottle and found that they contained LSD.

The defendants did not offer evidence. They were each found guilty by the jury, and from judgments imposing prison sentences, appealed.

*Attorney General Robert Morgan by Assistant Attorney General Charles A. Lloyd and Associate Attorney John M. Silverstein for the State.*

*Edward G. Bailey for defendant appellants.*

PARKER, Judge.

Appellants' sole assignment of error is directed to the denial of their motion for nonsuit made at the close of the State's evidence. The State's evidence was ample to require submission of the case to the jury as to each defendant. Cases cited in appellants' brief dealing with constructive possession are not apposite. There was ample evidence that each defendant had actual possession of LSD at the time they brought the bottles to Duff and delivered them to him for safekeeping. It was not necessary, as appellants' counsel apparently contends, that the State show that defendants had possession, either actual or constructive, when they were subsequently arrested. There was no error in denying their motion for nonsuit. We find

No error.

Judges HEDRICK and BALEY concur.